UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN RAMIREZ,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Civil Case Number 24-11421
Criminal Case Number 18-20772
Honorable David M. Lawson

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Juan Ramirez pleaded guilty to assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6). He was sentenced in July 2021 to 51 months in prison. He did not appeal his conviction or sentence. On May 29, 2024, Ramirez filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. On August 20, 2024, the government filed a response in which it argues that the petition is untimely because it was filed beyond the one-year limitations period specified by 28 U.S.C. § 2255(f)(1), and that the claims are without merit. The Court set a deadline of September 10, 2024 for the petitioner to file a reply brief in support of his petition. That date has come and gone, and the petitioner has not presented any reply addressing the timeliness of his petition. Because the petitioner filed his petition out of time, and he has not identified any basis for extending the filing deadline, the motion to vacate therefore will be denied.

I.

On November 15, 2018, Ramirez was charged in a three-count indictment alleging that he committed assault with intent to inflict serious bodily injury, assault with intent to commit a felony, and witness intimidation, contrary to 18 U.S.C. § 113(a)(2), (6) and 18 U.S.C. § 1513(b)(1). Ramirez pleaded guilty on Count I of the indictment, and on July 27, 2021, the Court sentenced Ramirez to 51 months in prison. He did not appeal. The motion to vacate was signed and

postmarked on May 22, 2024, and it was received and docketed by the Clerk of Court on May 29, 2024.

The motion consists of a single page and an exhibit that appears to be a letter from a prison unit manager praising the petitioner's progress in rehabilitation. The grounds for the relief sought are somewhat unclear. However, the petitioner seems to argue that his crime of conviction no longer is classified as a "crime of violence" according to federal law. No developed argument and no detailed factual basis or legal authority are stated in the motion.

The government contends that the Court should not address the petitioner's substantive argument because Ramirez filed his motion after the one-year limitations period expired. Notably, the petitioner acknowledged the tardiness of the filing in his motion, but he did not present any legal or factual grounds to excuse the untimely petition.

II.

The statute of limitations governing the filing of a section 2255 motion is set forth in 28 U.S.C. § 2255(f) and states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of

conviction becomes final, and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

The motions to vacate the conviction and sentence were filed well beyond the one-year limitations period established in subparagraph (f)(1), above, and must be denied for that reason alone. Ramirez was sentenced on July 27, 2021. He did not file a direct appeal. His conviction therefore became final on August 10, 2021, when the 14-day period for filing a notice of appeal expired. To be timely, a motion to vacate would have had to have been filed no later than August 10, 2022. However, the motion here was signed and dated by the petitioner on May 22, 2024, more than 21 months after the limitations period had expired. By any reckoning, the petition was filed well beyond the applicable one-year limitations period after the judgment became final. *See* 28 U.S.C. § 2255(f)(1).

The filing deadline for a motion under section 2255 may be tolled in some circumstances, but the petitioner must have "exercised reasonable diligence pursuing his claims," and he must show that "some extraordinary circumstance prevented him from filing a timely petition." *Hansberry v. United States*, No. 22-1482, 2023 WL 1432037, at *2 (6th Cir. Jan. 18, 2023) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (stating that equitable tolling requires the petitioner to make "a two-part showing")). "'[E]quitable tolling is used sparingly by federal courts,'" and "'[t]he party seeking equitable tolling bears the burden of proving he is entitled to it.'" *Avery v. Wainwright*, No. 20-3530, 2022 WL 1498431, at *3 (6th Cir. May 12, 2022). "To satisfy the extraordinary circumstances element, a petitioner must demonstrate [that] an external obstacle prevented the timely filing of a habeas petition." *Id.* at *6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

-4-

In this case, the government has raised the statute of limitations as an affirmative defense, and the petitioner has made no effort to demonstrate that his petition was filed timely, despite having the opportunity to do so by way of a reply. The petition undisputedly was filed well beyond the one-year limitations period, and the petitioner has not carried his burden of showing that any applicable exception should apply to excuse the untimely filing.

III.

The petitioner's motion to vacate his sentence was filed beyond the one-year period of limitations, and he has not established any basis for enlarging or tolling the limitations period.

Accordingly, it is **ORDERED** that the motion to vacate the conviction and sentence (ECF No. 64) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   September 19, 2024